```
                    United States District Court
                      District of Massachusetts
 _____
                               )
Jose Albarran,                 )
                               )
         Petitioner,           )
                               )
         v.                    )   Civil Action No.
                               )   22-11777-NMG
Amy Boncher,                   )
                               )
         Respondent.           )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the petition for a writ of habeas corpus filed pro se by petitioner Jose Albarran ("petitioner" or "Albarran"), who is now represented by appointed counsel. Respondent Amy Boncher ("respondent" or "Boncher") has opposed the petition. For the following reasons, the petition will be dismissed.

## I. Background

Albarran was removed from the United States in December, 1997, after being convicted of unlawful possession of a controlled substance. He subsequently re-entered the United States without permission and, in September, 2017, was sentenced for the more recent offense of conspiracy to possess with intent to distribute cocaine in the U.S. District Court for the Northern District of Texas.

Petitioner was sentenced to 87 months of imprisonment with a three-year term of supervised release and has a projected release date in July, 2023. During his time in the federal prison system, Albarran enrolled in various programs which enabled him to earn time credits under the First Step Act ("FSA"). See 18 U.S.C. § 3632(d)(4). Not all prisoners are eligible, however, to apply earned time credits to reduce their sentences. See 18 U.S.C. §§ 3632(d)(4)(E), 3624(g)(1). Officials at the Bureau of Prisons ("BOP") refused to apply time credits to Albarran's sentence because he was subject to an Immigration and Customs Enforcement ("ICE") detainer. Petitioner disputed that rationale for the denial of his time credits and exhausted his administrative remedies within the BOP before filing this petition.

## II. Procedural History

In October, 2022, Albarran filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, along with a memorandum of law in support thereof. Petitioner then filed a motion seeking the appointment of counsel and requested expedited review of his petition. The Court ordered service of the petition on Boncher but otherwise denied the interim relief sought by Albarran.

After seeking an extension of time, Boncher timely responded to the petition in December, 2022, and Albarran filed

a reply shortly thereafter. He also renewed his motion for the appointment of counsel which the Court granted in February, 2023. In April, 2023, this Court requested supplemental briefing from respondent and, if he so desired, from petitioner (now represented by counsel). Boncher timely filed a supplemental brief but Albarran and his counsel declined the opportunity to do so.

### III. Petition for a Writ of Habeas Corpus

The parties do not dispute that Albarran exhausted his administrative remedies prior to filing this petition and the Court will, therefore, begin its analysis by considering the merits of the petition.

#### A. The Parties' Contentions

In the memorandum of law in support of Albarran's petition, he contends that the BOP wrongfully refused to apply his earned time credits because the ICE detainer to which he is subject does not preclude the application of such credits. Albarran concedes that a prisoner is ineligible to apply time credits if he or she is "subject to a final order of removal", see 18 U.S.C. § 3632(d)(4)(E), but avers that he is not subject to such an order.

In her opposition, Boncher does not deny that Albarran has earned the time credits at issue but insists that they cannot be applied because: 1) Albarran is subject to a final order of

removal, and 2) even if he were not subject to such an order, the BOP's interpretation of the FSA precludes the application of time credits because Albarran is subject to an ICE detainer.

With respect to the first argument of her opposition, Boncher asserts that Albarran was subject to a final order of removal in 1997 and subsequently re-entered the country without permission. Respondent's opposition, filed in December, 2022, states several times that the prior order of removal pertaining to Albarran "has been reinstated." The declaration submitted in support of that pleading, however, avers only that the government:

> plans to issue a final order [of removal] soon, as Petitioner was previously deported under a prior final order.

Docket 11-1.

Moreover, the exhibit attached to such declaration is an immigration detainer pertaining to Albarran from April, 2018, indicating there is probable cause to believe he was a removable alien because of "the pendency of ongoing removal proceedings" but not because there was pending "a final order of removal against" him. See Docket 11-4.

Boncher's second argument is that the BOP has interpretated the pertinent statutory provision, 18 U.S.C. § 3632(d)(4), to exclude inmates with ICE detainers from having earned time credits applied to their sentences.

Section 10(a) of the BOP's November, 2022, program statement states that:

> While inmates with unresolved pending charges and/or detainers may earn FTCs, if otherwise eligible, they will be unable to apply them to prerelease custody or release to supervision unless the charges and/or detainers are resolved.  An inmate with an unresolved immigration status will be treated as if he/she has unresolved pending charges with regard to the application of FTCS.

BOP Program Statement 5410.01, *First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)* (November 18, 2022).

After receiving petitioner's reply, wherein Albarran continues to dispute the grounds on which the BOP refuses to apply his earned time credits, the Court ordered Boncher to submit a supplemental filing with respect to:

> 1) [a]ny further documentation which demonstrates that a reinstated final order of removal currently exists with respect to petitioner; [and]
>
> 2) [t]he effect on this case of the pertinent revisions to Program Statement 5410.01 adopted by the Bureau of Prison February 6, 2023 . . .

Docket No. 16.

Boncher thereafter submitted a declaration and exhibit substantiating that the government has, as of April 5, 2023, reinstated the 1997 final order of removal against Albarran. See Docket Nos. 17-1, 17-2.  She does not address the revised BOP program statement and instead directs the Court only to the reinstated final order of removal.

B.  **Conclusion**

As described above, Boncher initially contended that Albarran was ineligible to have earned time credits applied to his sentence on grounds that he was subject to: 1) a reinstated final order of removal, and 2) an ICE detainer. At the time, however, Albarran was not yet subject to a reinstated final order of removal. Furthermore, the BOP has amended its procedures for applying time credits earned under the FSA and no longer prohibits prisoners subject to ICE detainers from applying such credits. See BOP Program Statement 5410.01, *First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)* (February 6, 2023); see also, e.g., Bello-Arias v. Warden, FCI Berlin, 2023 U.S. Dist. LEXIS 69705, at *4-5 (D.N.H. April 21, 2023).

At this point in the proceedings, the Court is nevertheless satisfied that Albarran is subject to a reinstated final order of removal. As a result, the unambiguous terms of § 3632 determine the outcome of this case:

> A prisoner is ineligible to apply time credits [toward prerelease custody or supervised release] if the prisoner is the subject of a final order of removal under any provision of the immigration laws . . .

18 U.S.C. § 3632(d)(4)(E).

Petitioner is subject to a final order of removal and is, therefore, ineligible for the relief he seeks.

**ORDER**

For the foregoing reasons, the petition for a writ of habeas corpus (Docket No. 1) is **DISMISSED**.

**So ordered.**

                                            /s/ Nathaniel M. Gorton
                                            Nathaniel M. Gorton
                                            United States District Judge

Dated:  May 11, 2023